Martha J. Chambers, Appellant, *v.* H. Sellers McKee and A. Hart McKee, trading as McKee & Brothers, H. Sellers McKee, President, D. Z. Brickell, Vice President and H. Sellers McKee, D. Z. Brickell, James A. Chambers, William Jones, A. Hart McKee, Murray Vemer and Geo. E. Moore, Members of the Board of Directors of the Chambers and McKee Glass Company, a Corporation.

*Arbitration—Award—Mistake of fact.*

Where one of two arbitrators soon after an award has been made, and before any action has been taken upon it by either party, notifies the parties that his assent to the award had been given under the influence of an important mistake of fact, and that he does not assent to it, the award cannot be enforced either at law or in equity.

*Arbitration—Mistake of fact—Award—Corporation—Costs.*

Where arbitrators are appointed to settle a dispute between a corporation and a partnership, and after the award has been made, one of the arbitrators notifies the corporation that the award was assented to by him under a mistake of fact, and that he does not assent to it, and the board of directors, notwithstanding the notice, and against the protest of some of its members, settle upon the basis of the award, a stockholder of the corporation is bound by the action of the board, unless it appears that the directors acted in bad faith, and knowingly and intentionally disregarded the interests of the stockholders.

Where a bill is filed by a stockholder against a corporation, its officers and a partnership, of which some of the officers of the corporation are members, alleging that, in a settlement, the board of directors fraudulently favored the partnership, to the detriment of the stockholders of the corporation, and the court below finds that there was no fraud on the part of the directors, although their act was detrimental to the interests of the stockholders, the Supreme Court, in affirming the decree of the lower court, will not impose all the costs upon the plaintiff, but will make such distribution of them as justice to all the parties and equity require.

Argued Feb. 3, 1898. Appeal, No. 126, Oct. T., 1897, by plaintiff, from decree of C. P. No. 1, Allegheny Co., Sept. Term, 1896, No. 90, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an injunction, to declare an award of arbitrators void, and for an account.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing bill in equity.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.—The courts of most, if not all of the states, as well as the English courts, have held that where a gross mistake is made an award will be set aside. And the mistake may be shown by extrinsic evidence: McRae v. Lemay, 18 Can. S. C. 280; Hartshorn v. Cuttrell, 2 N. J. Eq. 297; Underhill v. Van Cortlandt, 2 Johns' Chancery, 339; Burchell v. Marsh, 58 U. S. 344; Carter v. Carter, 109 Mass. 307; Brown v. Green, 7 Conn. 536; Barrows v. Sweet et al., 143 Mass. 316; Boston Water Power Co. v. Gray, 47 Mass. 131; Valle v. N. Mo. R. R. Co., 37 Mo. 450; James v. Sterrett, 137 Pa. 234; First National Bank of Clarion v. Breneman, 5 Cent. Rep. 478.

Directors of a corporation, as directors, are generally mandatories without compensation other than that which, in common with other shareholders, they derive from the proper management of the affairs of the company. They are not held to the exercise of more than ordinary care, but they are bound to exercise their powers for the benefit of all the stockholders, and with the utmost good faith. Nothing short of uberrima fides of the civil law satisfies the requirements of their position. This rule is of equal application to the directors and other officers of the corporation. They must not in any degree allow their official conduct to be swayed by their private interests: 3 Thompson on Corporations, sec. 4016; Warner's App., 147 Pa. 140.

The right of the stockholders to maintain a bill of this character is recognized in a number of cases: 4 Thompson on Corporations, sec. 4479; Southwest Nat. Gas Co. v. Fayette Fuel Gas Co., 29 W. N. C. 247; Holton v. Ry., 138 Pa. 111; Gravenstine's App., 49 Pa. 310.

*George E. Shaw*, with him *Knox & Reed*, for appellee.—The general rule recognized by all the cases wherein courts have set aside an award upon the ground of mistake is that it must

be clearly shown, not only that the arbitrators have made a gross mistake, but that the award would have been different but for that mistake: Morse on Arbitration & Award, 320; Coleman v. Lukens, 3 Watts & Sergeant, 37; Robinson v. Bickley, 30 Pa. 384; Speer v. Bidwell, 44 Pa. 23; James v. Sterrett, 137 Pa. 234.

The charge of fraud in the action of this board of directors is not supported by any fact proved. It rests wholly upon inference and innuendo. Fraud cannot be established in this fashion: Morton v. Weaver, 99 Pa. 47; Beach on Private Corporations, sec. 232; Cook on Stock & Stockholders, sec. 750; Spering's App., 71 Pa. 11; Hawes v. Oakland, 104 U. S. 450.

The examination of the cases will show that where a stockholder seeks to enforce a right existing in the corporation, he must show that the corporation, by its directors or officers, refuses to institute the suit, and that such refusal amounts to a clear default involving a breach of duty: Morawetz on Private Corp. sec. 239; Detroit v. Dean, 106 U. S. 537; M. G. Gas Co. v. Williamson, 9 Heisk. (Tenn.) 314; Hodges v. N. E. Screw Co., 1 R. I. 321; Allen v. Curtis, 26 Conn. 456; Holton v. Ry. Co., 138 Pa. 111; Southwest Gas Co. v. Fuel Gas Co., 145 Pa. 13.

OPINION BY MR. JUSTICE WILLIAMS, March 21, 1898:

McKee & Brothers is a partnership engaged in the manufacture of glass table ware. The Chambers & McKee Glass Co. is a corporation organized under the act of 1874 and its supplements, for the manufacture of window glass. The manufacturing plants of the partnership and the corporation are in close proximity, and are supplied with natural gas as a fuel from wells owned and operated by the corporation, under an agreement that the expense of furnishing the natural gas shall be shared, as near as may be, in proportion to the amount used at each plant. Mrs. Chambers, the plaintiff, is a large stockholder in the Chambers & McKee Glass Co., but has no interest in the partnership of McKee & Brothers.

Operations were begun in both factories some time in 1889. A difference of opinion arose as to the relative proportions of the expense of the natural gas used and to be paid for by each. This difference was submitted to two competent experts for

decision who were to determine what sum should be paid by McKee & Brothers from the commencement of operations to December 21, 1891. If unable to agree they were empowered to select an umpire and decide by a majority. They entered upon an examination of the subject and submitted a report without selecting an umpire in which they fixed the amount to be paid by McKee & Brothers at seventeen and seventy-two one hundredths per cent of the entire cost of the natural gas for both plants and that to be paid by the Chambers & McKee Glass Co. at eighty-two and twenty-eight one hundredths. On December 29, 1891, the report was presented to the board of directors, and on the same day one of the arbitrators communicated to them the fact that his assent to the award had been given under the influence of an important mistake of fact, and that the award was not assented to by him. The reference to the arbitrators does not seem to have been made a rule of court or to have been drawn under any statute relating to arbitration, but to have been made by the parties with a view to securing the judgment of competent persons upon the quantity of gas used by each, and to relieve Mr. H. Sellers McKee from the very embarrassing position in which he found himself. He was the president and a large stockholder in the corporation. He was also the largest contributor to the capital of the partnership of McKee & Brothers. He was thus the head of the creditor corporation, and he was personally, as a member of his firm, the debtor. Without further meeting of the arbitrators, or other effort to investigate the alleged mistake asserted by one of them, the board of directors of the corporation, H. Sellers McKee being one of them, decided in March, 1892, to settle with McKee Brothers on the basis of the discredited award, and this was accordingly done. Four years afterwards Mrs. Chambers served the notice attached to her bill requiring the directors of the corporation to take steps to compel McKee & Brothers to pay to the corporation the money it owed for natural gas both before and after such settlement, within two weeks after such notice, and stating her intention, if this was not done, to proceed on her own behalf as a stockholder to compel such settlement. This bill was filed pursuant to the notice given by her. It is against the corporation of which she is a stockholder, and the partnership which she alleges to be its debtor, and the

relief asked includes the taking of an account of the gas used by McKee & Brothers from the wells and pipe lines of the Chambers & McKee Glass Company, and the payment therefor in the proportion which the amount so used bears to the whole amount consumed by both plants. Is she entitled to have an account taken of the gas consumed by McKee & Brothers? We do not think the award is in her way. We fully agree with the learned judge of the court below that the mistake brought to the attention of the parties by George H. Browne, one of the arbitrators, soon after the award was made, and before any action was taken upon it by either party, was of such a character as to prevent its enforcement at law or in equity. As the learned judge well said, "It was not a mere error in judgment based upon established facts, but an error in reference to the facts themselves upon which his judgment was based, and which he hastened to correct as soon as he became aware of his mistake by notifying defendant company to that effect."

After this mistake was brought to the attention of the directors, and the fact was made known to them that the relative proportion of gas consumed by McKee & Brothers was, so far at least as Mr. Browne was concerned, fixed under the influence of this mistake at much less than it should have been, it was no longer binding upon them. But corporations are governed and their business is directed by persons chosen by the stockholders for that purpose. Their action legally taken is the action of the corporation, and as between it and the persons with whom it deals, it is binding. The board of directors of the Chambers & McKee Glass Company, with full notice of the mistake of Browne, and against the protest of one or more of its members, resolved to settle the claim of the corporation they represented on the basis of the award. The amount so fixed was paid by McKee & Brothers and received by the corporation in full settlement of the demand which had been considered by the arbitrators. If this was done in good faith by the board of directors of the corporation every stockholder was bound by it, even though it was an error in judgment and resulted in a serious loss to the corporation. If it was not so done, but was collusive and fraudulent, it is not conclusive, but may be investigated, and upon a proper showing held to be a nullity, and an account taken for the purpose of determining the true amount of gas

consumed by McKee & Brothers and the actual amount of their indebtedness to the corporation therefor. The real question. therefore, on which the plaintiff's right as a stockholder to an account depends, is the validity of the action of her agents, the board of directors. They have settled this claim. That action binds the stockholder unless it was fraudulently taken. Fraud is not presumed. The natural presumption is in favor of innocence and good faith. The plaintiff has this presumption to overcome both in her bill and by her proofs, and until she presents such a case as will justify a finding that the conduct of the board of directors in making the settlement with McKee & Brothers was fraudulent, and in bad faith toward the corporation represented by them, she has no title to the relief she seeks. It would seem from the evidence before us that the settlement complained of was not an advantageous one to the corporation or its stockholders. It is possible that personal considerations may have influenced the result, but stockholders take the risk of the business qualifications and business judgment of those whom they may select as directors, and as a general rule they cannot be heard to complain if the action of their agents is not the most discreet and the most careful that could have been taken. But when a director betrays his trust and defrauds those whom he ought to serve with fidelity every stockholder has a right to complain, and it is the duty of the courts to assist in relieving against the consequences of such frauds whenever it is practicable. The learned judge who heard the testimony in this case reached this conclusion from it : " It is true the plaintiff alleges that this was done (the settlement of this claim) in violation and fraud of her rights, but I can find nothing which will justify me in coming to the conclusion that the directors acted in bad faith or knowingly or intentionally disregarded the interests of the stockholders of the company." In the absence of the finding of bad faith on the part of the directors, or an intentional disregard of the interests of the corporation confided to their care, the only ground on which the relief sought could be extended was absent, and there was nothing left for the learned judge to do but dismiss the plaintiff's bill without prejudice to her right to proceed in any proper way to relieve herself from the consequences of any fraudulent acts of her agents, the directors of the Chambers & McKee Glass Company, in connection with the settlement of which she complains.

We are not disposed to allow the costs in this case to follow the result of this appeal, but will modify the decree appealed from by imposing one third of the costs in this case upon the plaintiff, one third upon the directors of the Chambers & Mc-Kee Glass Co., as individuals, and one third upon McKee & Brothers.

As so modified the decree is affirmed.