ALBERT D. LANE *v.* MARSHALL L. WOOD AND THE LANE MANUFACTURING COMPANY.

November Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed February 17, 1919.

*Equity—Oral Demurrer—Court's Discretion—Corporations— Suit by Minority Stockholder—Pleading—Right to Sue— Refusal of Corporation—Right of Stockholder to Act for Corporation—Corporation a Party Defendant—Sufficiency of Bill.*

The court, in its discretion, may grant a defendant leave to demur orally on specified grounds to a bill in equity.

A bill brought by a minority stockholder to compel the defendant to pay back to the company an excess of salary, which alleged that the defendant, while an officer of the company, had drawn more salary than his services were worth, and that the stockholders had declined to take any steps to recover such excess in salary, was demurrable for want of an allegation of fraud or misconduct on the part of the company in refusing to take action against the defendant..

In matters *intra vires* the right to act for the corporation does not pass to an individual stockholder unless the corporation has clearly acted in bad faith or fraudulently.

Where a corporation was made a party defendant simply because the suit was for its benefit, the insufficiency of the bill as to the principal defendant determined its insufficiency as to the corporation.

APPEAL IN CHANCERY. Bill brought by the plaintiff as a minority stockholder of the Lane Manufacturing Company to compel defendant Wood to restore to the treasury of said company certain monies which it was alleged he had wrongfully appropriated therefrom. Heard upon demurrer of defendant the Lane Manufacturing Company to the bill at the March Term, 1918, Washington County, *Waterman,* Chancellor. Decree, sustaining the demurer *pro forma,* adjudging the bill insufficient, and dismissing it as to the Lane Manufacturing Company with costs. Thereupon the defendant Wood asked and was granted leave to demur orally to the bill on the grounds "that no fraud or misconduct on the part of the corporation is alleged in the bill and the same having been dismissed as to the corporation, the plaintiff has no equity as against this defendant Wood"; which demurrer was sustained *pro forma,* and the bill dismissed as to defendant Wood with costs. The plaintiff appealed.

*H. C. Shurtleff* for the plaintiff.

*W. B. C. Stickney* and *Edwin W. Lawrence* for defendant Wood.

HASELTON, J. This is a complaint in chancery. Albert D. Lane, a minority stockholder of the Lane Manufacturing Com-

pany, a corporation, brought this bill against the company and against Marshall L. Wood, in behalf of the plaintiff himself and all other stockholders of the company in like situation with him. The company filed a demurrer. The case was heard on this demurrer, and a decree rendered that the bill be dismissed as to the company. Whereupon the defendant Wood asked leave to demur orally on specified grounds, which leave the court granted, as in its discretion it might, and this oral demurrer was sustained, and the bill dismissed as to the defendant Wood also. The plaintiff appealed.

The bill alleges that from December 16, 1907, to January, 1918, the defendant Wood was a director of the company, and at various times during this period he held the offices of its president, vice-president, treasurer and manager; that in 1910 he caused to be conveyed to himself, by two transfers, a majority of the stock of the company belonging to various estates of which he was administrator, and that both before and after these transfers he drew from the treasury of the company as salary more than his services to the company were worth, the bill undertaking to say what at the most they were worth, treating the balance of the salary drawn by him as a misapplication of the funds of the company, and asking that it be paid back to the company. The real grievance charged is that Wood's salary was too large; that it was, in effect, voted by himself, and that at a date (February 28, 1918), when, so far as appears by the allegations, the defendant Wood had no connection with the company as stockholder, officer, employee, or otherwise, the stockholders of the company, upon application of the plaintiff to that end, declined to take any steps looking to the recovery from the defendant Wood of the claimed excess in salary paid him.

No fraud or misconduct on the part of the company in refusing to take action against the defendant Wood is alleged in the bill, and this failure is the ground of the demurrer of the defendant Wood. And this demurrer must be sustained. It rests primarily with a corporation to determine its rights and wrongs, and the wisdom of suits at law, and in matters *intra vires*, the right to act for the corporation does not pass to an individual stockholder unless the corporation has clearly acted in bad faith or fraudulently, and to maintain such a bill as this the allegations in that regard must be clear and unmistakable. *Gamble* v. *Queens County, etc., Co.*, 123 N. Y. 91, 25 N. E. 201, 9 L. R. A.

527; *Chambers* v. *Chambers,* 185 Pa. 105, 39 Atl. 822; *Wallace* v. *Lincoln Savings Bank,* 89 Tenn. 630, 15 S. W. 448, 21 Am. St. Rep. 625; *Wheeler* v. *Iron and Steel Co.,* 143 Ill. 197, 32 N. E. 420, 17 L. R. A. 818. The doctrine is well stated, with substantial correctness in 7 Ruling Case Law, on page 308, where, referring to cases like this, it is said: ''To authorize such suit there must be injurious acts *ultra vires,* fraudulent and injurious practices, abuse of power, and oppression on the part of a corporation or its officers, clearly subversive of the rights of the minority or of a stockholder.''

The allegations of the bill are not sufficient to enable the individual stockholder to maintain it against defendant Wood, and as no relief is sought against the corporation, but it is made a party simply because the suit is for its benefit, the insufficiency of the bill as to the defendant Wood determines its insufficiency as to the corporation.

*The decree, sustaining the demurrers and dismissing the bill, is affirmed and the case is remanded.*