## STORK v. TOWNSEND et al.
### No. 62.

District Court, S. D. Ohio, W. D.

Dec. 27, 1940.

Elmer H. Groefsema, of Detroit, Mich., and Daniel I. Rosenthal, of Dayton, Ohio, for plaintiff.

T. A. Billingsley, of Greenville, Ohio, and I. L. Holderman, of Dayton, Ohio, for defendants.

NEVIN, District Judge.

On January 27, 1940, plaintiff, a citizen of the State of Michigan, filed his complaint herein against defendants, praying for damages in the sum of four thousand, three hundred and twenty-two dollars and seventy cents ($4,322.70).

On February 23, 1940, defendants filed a motion wherein they moved to strike certain items of damage from the complaint, as in the motion set forth. On August 7, 1940, this court rendered a decision sustaining the foregoing motion in part and overruling it in part. At the same time the court treated a portion of the motion to strike as a motion for a bill of particulars. Stork v. Townsend et al., D. C., 1 F.R.D. 390.

On October 15, 1940, plaintiff filed a document entitled "Amendment to Bill of Particulars." On November 6, 1940, defendant, Denver P. Townsend, filed a motion wherein the court is asked to dismiss the complaint "by reason of the fact that since the filing of the amendment to the Bill of Particulars the amount involved in this cause of action is now less than $3,000.00."

On November 19, 1940, plaintiff filed a motion for leave to file an amended complaint, invoking Rule 15 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This motion came on for hearing on December 2, 1940—the regular motion day next succeeding the date upon which the motion was filed. As appears of record, counsel for plaintiff were present at that hearing. No one appeared on behalf of defendants.

As further shown by the record, leave was granted to plaintiff on December 2, 1940, to file his amended complaint. The order granting leave and the amended complaint, which had been tendered with the motion of plaintiff filed on November 19, 1940, were filed on December 2, 1940, with the understanding, however, that if defendants objected to the filing of the amended bill of complaint, such an objection should be filed "within a reasonable time." Nothing has been filed on behalf of defendant since December 4, 1940.

The court, therefore, will consider the motion to dismiss, filed on behalf of defendant Townsend on November 6, 1940 (addressed to the bill of complaint as modified by the amendment to the bill of particulars) as now addressed to plaintiff's amended bill of complaint, and so considering it finds the motion to dismiss on the ground that the amount sued for is not sufficient to give this court jurisdiction, not well taken, and that it should be, and it is, overruled. Journal & Tribune Co. v. United States, 254 U.S. 581, 584, 41 S.Ct. 202, 65 L.Ed. 415.

In his motion to dismiss, defendant Denver P. Townsend further moves the court that in the event his motion is not sustained and the cause dismissed, that certain portions of the bill of complaint, as set forth in the motion, be stricken. Inasmuch as the portions referred to of the original bill have been eliminated from the amended complaint, filed on December 2, 1940, and the request of defendant thus complied with, it is unnecessary for the court to pass on this branch of defendant's motion.

Defendant Townsend further moves the court to strike from the amended complaint

item (p) thereof (which is also item (p) in the amendment to bill of particulars). Defendant claims that this item should be stricken because it "is a variance or a departure from the nature of the claim set forth in original Item 'P' of the Civil Complaint."

The court finds this branch of defendant's motion not well taken, and that it should be, and it is, overruled. Counsel may prepare and submit an order accordingly.