# FELDMAN v. PENNROAD CORPORATION.

## No. 568.

District Court, D. Delaware.

May 11, 1945.

C. Stewart Lynch, of Wilmington, Del., and Mortimer S. Gordon and Leo Brady, both of New York City, for plaintiff.

Daniel O. Hastings, of Wilmington, Del., Morris Wolf, of Philadelphia, Pa., and A. D. Vaneish, of Washington, D. C., for defendant Penroad Corporation.

H. Albert Young, of Wilmington, Del., and Archibald Palmer, of New York City, for Dickheiser and others, stockholders of Pennsylvania R. Co.

Joseph B. Keenan, of Washington, D. C., amicus curiae.

BARD, District Judge.

This is a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Plaintiff, a stockholder of defendant corporation, brought this suit (1) to enjoin respondent from negotiating or consummating a settlement and release of claims with Pennsylvania Railroad Company, and (2) to obtain the appointment of a receiver for respondent · corporation in order to prosecute all claims in its behalf and to supervise the election by the stockholders of a competent and disinterested Board of Directors.

The relevant facts as alleged in the complaint are as follows:

Prior to 1929 Pennsylvania Railroad Company, hereinafter referred to as Pennsylvania, desired to obtain controlling interest in other railroads to eliminate competition. In order to carry out this plan without risk to itself, it conceived the idea of forming the Pennroad Corporation which would be dominated and controlled by Pennsylvania. The stock of Pennroad Corporation would be sold to the public and the proceeds therefrom used to acquire control of the various companies which Pennsylvania needed in order to extend its sphere of influence in accordance with the master plan.

Pursuant to this plan, Pennroad was incorporated in the State of Delaware in 1929 as a holding corporation. About 6,-000,000 shares of stock were sold to the public and this investment by the public of about $140,000,000 became the operating capital of Pennroad. All of the stock sold participated in a voting trust composed of W. W. Atterbury, Jay Cooke and Effingham Morris, all important officers of Pennsylvania, as trustees. The Board of Directors consisted entirely of officers or directors of Pennsylvania. Thus, Pennsylvania completely dominated Pennroad and was in a position to use the $140,000,000 capital investment to its own advantage and for its own purposes.

Pennsylvania caused the Pennroad Corporation to purchase stocks of certain enterprises which Pennsylvania was anxious to control at prices and upon conditions which Pennsylvania itself had declined to purchase prior to the incorporation of Pennroad. These investments caused Pennroad to suffer tremendous losses in excess of $100,000,000.

In an effort to secure restitution for the alleged wrongful and collusive acts of Pennsylvania and Pennroad a suit was brought in 1932 in the Court of Chancery of the State of Delaware by Joseph W. Perrine and Julia A. Perrine, stockholders of Pennroad, against Pennroad and Pennsylvania. This suit is presently pending and undetermined. In 1939, Ione M. Overfield, another Pennroad stockholder, brought an action against the two corporations in the United States District Court

for the Eastern District of Pennsylvania which resulted in judgment against Pennsylvania for $22,104,515.92. Overfield v. Pennroad Corporation, D. C., 42 F.Supp. 586, 48 F.Supp. 1008. This judgment was reversed on appeal by the Circuit Court of Appeals on the ground that the running of the statute of limitations barred the action. Overfield v. Pennroad Corporation et al, 3d Cir., 146 F.2d 889.

In furtherance of the master plan of Pennsylvania to despoil Pennroad for its own benefit, Pennsylvania then negotiated a proposed settlement whereby Pennroad is to accept $15,000,000 in full satisfaction and discharge of any liability which Pennsylvania has to Pennroad. Pennroad has petitioned the Delaware Court of Chancery in the Perrine v. Pennroad action to obtain court approval of the proposed settlement and the matter is now pending before that court.

Petitioner alleges that, to the present date, Pennsylvania completely dominates every act of Pennroad and is using this domination to conclude a fraudulent settlement for the benefit of Pennsylvania and to the detriment of Pennroad and its stockholders. The petition alleges that Pennroad and its stockholders have a meritorious claim against Pennsylvania for an amount far in excess of the $15,000,000 offered and that this claim can be adjudicated in the Perrine stockholder's bill instituted in 1932 which, unlike the Overfield suit, is not barred by the statute of limitations.

Upon the basis of these facts complainant prays that this court enjoin respondent from consummating the settlement and appoint a receiver to prosecute respondent's claims in its behalf and to supervise the election of a disinterested Board of Directors.

The motion to dismiss raises the question whether the facts alleged, as recited above, are sufficient in law to permit this court to grant the relief sought.

Section 265 of the Judicial Code [1] provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The petition seeking judicial approval by the Chancery Court of Delaware of the proposed settlement is a proceeding within the meaning of this statute. The fact that the injunction herein requested is directed against Pennroad and not formally directed against the Chancery Court of Delaware is immaterial. The injunction, if granted, will discontinue the settlement proceeding now pending and being heard before the Chancery Court. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447, 537. The injunction which plaintiff seeks is therefore clearly within the scope of the statute.

Section 265 of the Judicial Code enacts a principle of comity which obtains between courts of concurrent jurisdiction forbidding the interference by injunction or otherwise by the federal courts with the process of the courts of the states, Moran v. Sturges, 154 U.S. 256, 14 S.Ct. 1019, 38 L.Ed. 981, and is intended to give the force of positive law to the existing rules of comity between such tribunals. The statute is a limitation upon the equity powers of the federal courts. When application is made to a federal court to enjoin proceedings in a state court, the duty devolves upon the federal court to determine whether the petition has alleged facts for which relief is prohibited by the statute or whether the equities of the case require that an injunction issue despite the statutory limitation. Smith v. Apple, 264 U.S. 274, 44 S. Ct. 311, 68 L.Ed. 678.

Plaintiff's allegations (1) that the proposed $15,000,000 settlement is wholly inadequate, (2) that the Pennroad officers conducting the settlement negotiations are still dominated by Pennsylvania, and (3) that the officers and directors of Pennroad who are urging acceptance of the compromise have interests adverse to the corporation and its stockholders, form the basis of plaintiff's prayer for an injunction restraining any settlement of Pennroad's claims against Pennsylvania until a receiver is appointed or a new disinterested board of directors is elected to prosecute Pennroad's claims.

Plaintiff has not shown an inadequacy of remedy in the proceedings before the Chancery Court sufficient to justify the exercise of equitable powers in her favor. Equitable Life Assur. Soc. of the United States v. Wert, 8th Cir., 102 F.2d 10. There is nothing to prevent plaintiff from

---

[1] Act of March 3, 1911, c. 231, § 265, 36 Stat. 1162, Rev.Stat. § 720, 28 U.S.C.A. § 379.

fully presenting the facts herein alleged to the Chancery Court. In fact during the argument counsel for Perrine and counsel for plaintiff said that the State Court has permitted them to present fully their objections to the settlement in the hearings there. This Court must assume that the State Court will do justice to all parties, and, if there is merit in the allegations herein presented, that the State Court will grant whatever relief may be just and proper.

Petitioner has not alleged facts which would present a case within any of the recognized exceptions to Section 265 of the Judicial Code. Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967. The facts alleged are not sufficient to support the relief sought and the petition for an injunction must therefore be dismissed.

The remaining question before the Court is whether plaintiff has alleged facts sufficient in law to warrant the appointment of a receiver.

■■ Under its general equity powers a federal court may entertain a bill of a stockholder against the corporation for the appointment of a receiver. Burnrite Coal Briquette Co. v. Riggs, 274 U.S. 208, 47 S.Ct. 578, 71 L.Ed. 1002. The appointment of a receiver is a remedy and not a right and a federal court may appoint a receiver only as ancillary to or in aid of the main relief sought in the action, which relief must be within the jurisdiction of the Court. Orth v. Transit Inv. Corporation, 3d Cir., 132 F.2d 938; Securities and Exchange Commission v. Fiscal Fund, Inc., D.C., 48 F.Supp. 712.

After comprehensive allegations of a continued course of conduct constituting violations of their fiduciary obligation by the Pennroad directors and operation of Pennroad by Pennsylvania for its own use and purposes, plaintiff concludes the complaint with a prayer for the appointment of a receiver to prosecute Pennroad's claims against Pennsylvania and intervene in the settlement negotiations and to operate Pennroad until a disinterested board of directors can be elected.

■ It is true that proof of fraudulent and reckless mismanagement of the corporate business by its board of directors such as would convince the Court that further control of the corporation by the same board would result in the destruction of its business or cause unwarranted loss to the stockholders will call into exercise the discretionary power of the Court to appoint a receiver. Carson v. Allegheny Window Glass Co., C.C.Del., 189 F. 791. But the misconduct of the directors must be current and the danger to the corporation must be imminent. Lichens Co. v. Standard Commercial Tobacco Co., Inc., Del.Ch., 40 A.2d 447. Mere apprehension of future misconduct based upon prior mismanagement of Pennroad does not merit the appointment of a receiver.[2]

■ Plaintiff alleges that Pennroad is in imminent danger of releasing a valuable right of action against Pennsylvania for a comparatively insignificant sum of money because of a collusive settlement. This allegation might be persuasive if such action were contemplated without court approval. But it must be assumed, as pointed out above, that Pennroad and its stockholders will be adequately protected from this alleged imminent danger by the Chancery Court of Delaware where hearings are presently being held to obtain judicial approval of the settlement. There is no need to appoint a receiver merely to represent the Pennroad stockholders before the Chancery Court.

■ Finally, plaintiff prays that this Court remove the present Board of Directors and appoint a receiver to conserve the assets of Pennroad until a disinterested Board of Directors is elected by the stockholders. In the absence of statute and in the absence of fraud, a court of equity has no inherent power to remove directors of a corporation[3]. Directors are elected by the stockholders and must be removed by the source or power that elected them. To hold otherwise would permit a court, on petition of a minority shareholder, to substitute its discretion for that of the majority of the stockholders. Exception to this general rule has been made in cases where fraud has been alleged. Atkins v. Hughes, 208 Cal. 508, 282 P. 787. Although plaintiff alleges fraud and misconduct of the Pennroad directors, there is no allegation of imminent danger to the corporation because of their fraudulent misconduct save the proposed settlement. As

---

[2] See 16 Fletcher, Cyc.Corp., Perm.Ed., § 7724.

[3] 16 Fletcher, Cyc.Corp., Perm.Ed., § 358.

has been indicated, plaintiff has adequate protection in that regard.

The allegations show no imminent danger to the corporation which might require the appointment of a receiver as an ancillary remedy.

The motion to dismiss is granted.