DICKHEISER et al. v. PENNSYLVANIA R. CO. et al.

Civ. A. No. 4685.

District Court, E. D. Pennsylvania.

Oct. 11, 1945.

As Amended Oct. 18, 1945.

Judgment Affirmed May 27, 1946.

See 155 F.2d 266.

Albert H. Ladner, Jr., of Philadelphia, Pa., Archibald Palmer, of New York City, and Bennett E. Aron, of Brooklyn, for Anna C. Dickheiser and Edward S. Birn.

John Dickinson and John B. Prizer, both of Philadelphia, Pa., for defendants Pennsylvania R. R., Clement, Ingersoll, Dorrance, Gates, Beale, McCracken, Newhall, Gowen, Wood, Deasy, Franklin, Downes, Pabst.

Morris Wolf, of Philadelphia, Pa., for defendant Pennroad Corporation.

BARD, District Judge.

There are five motions before the Court: (1) complainants' motion to amend the complaint, (2) complainants' motion to compel production of documents, (3) complainants' motion to strike defendants' affidavits, (4) motion of the Pennsylvania Railroad Company and certain individual defendants for summary judgment in their favor, (5) motion of the Pennroad Corporation to dismiss the action. The motions were argued before the Court at the same time and will be disposed of seriatim in this opinion.

This action, brought by stockholders of Pennsylvania Railroad is one of three stockholder's bills brought by various owners of shares in the Pennsylvania Railroad Company and the Pennroad Corporation to enjoin the consummation of a proposed settlement and release of claims between the two corporations and argued before me. I have determined the other two actions in Feldman v. Pennroad Corporation, D.C., 60

F.Supp. 716, and Birn v. Pennroad Corporation[1], filed July 20, 1945.

The relevant facts as alleged in the complaint are as follows:

Beginning in 1932 a series of derivative suits were instituted by stockholders of Pennroad against Pennsylvania Railroad to recover many millions of dollars in damages for the alleged fraudulent investment and dissipation of Pennroad capital. The first suit was brought in the Chancery Court of the State of Delaware in 1932 by Joseph W. Perrine and Julia A. Perrine. This suit, as yet, has not been determined on its merits.

In 1939 another suit was brought by Ione M. Overfield in the United States District Court for the Eastern District of Pennsylvania and one year later the third suit was brought in the same court by Grace Stein Weigle. The Overfield and Weigle suits were consolidated and resulted in a judgment against Pennsylvania Railroad, hereinafter referred to as Pennsylvania, in the amount of $22,104,515.92. Overfield v. Pennroad Corporation, D.C., 42 F.Supp. 586; Id., D.C., 48 F.Supp. 1008. On appeal this judgment was reversed, one Judge dissenting, by the Circuit Court of Appeals for the Third Circuit on the ground that the statute of limitations barred the action. Overfield v. Pennroad Corporation, 3 Cir., 146 F.2d 889. Several orders extending the time within which a petition for rehearing might be filed have been granted by the Circuit Court.

After the Circuit Court decision representatives of Pennsylvania and Pennroad negotiated a proposed settlement of the litigation which was approved by the Board of Directors of both corporations. In substance, the agreement provides for payment by Pennsylvania to Pennroad of $15,000,000 in settlement of the Perrine case, subject to the approval of the Delaware Chancery Court.[2] The agreement also provides that the Overfield-Weigle suit shall have been so disposed of that the mandate of the Circuit Court of Appeals dismissing the suit shall go forward to the District Court and the complaints dismissed in accordance therewith as a condition precedent to the payment of the money.

The complaint charges that the agreement of settlement is the result of a conspiracy between Pennsylvania, certain directors of Pennsylvania, Ione M. Overfield, Grace Stein Weigle, all named as defendants in this suit, and Daniel O. Hastings, the attorney for Ione M. Overfield and Grace Stein Weigle, to dissipate the assets of Pennsylvania in the amount of $15,000,000 without any justifiable basis therefor. The complaint further charges that the approval by the defendant directors of Pennsylvania of the agreement to pay Pennroad the sum of $15,000,000 "in satisfaction of a pretended indebtedness and without any real or actual consideration therefor exceeded the legitimate limits of honest business judgment and acted in wanton, wilful and reckless disregard of the interests of Pennsylvania," and was therefore negligent conduct of the affairs of Pennsylvania. Complainants pray that this Court enjoin Pennsylvania, the directors of Pennsylvania, Pennroad, Ione M. Overfield and Grace Stein Weigle from negotiating or consummating any settlement of the claims of Pennroad against Pennsylvania and, in the alternative, that the defendant directors of Pennsylvania be compelled to make restitution to Pennsylvania of any monies transferred to Pennroad as a settlement, allegedly in violation of their directorial duties.

Pennsylvania and its defendant directors filed an answer which admitted all the material averments of fact but denied that these facts constitute a conspiracy and denied or refused to answer those allegations of the complaint which, defendants claimed, were conclusions of law. The answer also offered the defense that the agreement of settlement had been approved by the Board of Directors of Pennsylvania after thorough and careful consideration on their part; that the Board had deemed the settlement to be in the best interests of Pennsylvania; that this conclusion represented the best judgment of the directors exercised in the interest of Pennsylvania and its stockholders. Pennroad, Ione M. Overfield and Grace Stein Weigle, the remaining defendants, failed to file an answer. However, Pennroad filed a motion to dis-

---

[1] No opinion for publication.

[2] The settlement agreement was approved by the Chancery Court of the State of Delaware in an opinion filed August 9, 1945. Perrine v. Pennroad Corporation,

43 A.2d 721. Writ of Appeal was filed August 30, 1945 and the appeal will be heard by the Supreme Court of Delaware on December 3, 1945.

miss the action as to it because the complaint failed to state a cause of action.

Subsequently, plaintiffs began the taking of depositions under Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Plaintiffs examined twelve of the defendant directors and numerous other persons who were involved in the settlement negotiations over a five day period, compiling a record of over 1700 pages of testimony. Pennsylvania and the defendant directors thereupon filed a motion for summary judgment and filed most of these depositions, taken at the instance of plaintiffs, in the form of affidavits together with other affidavits in support thereof. Plaintiffs countered with a motion for leave to amend the complaint, a motion for an order expunging or striking out certain of the affidavits filed by Pennsylvania, and a motion to compel production of certain documents referred to in the depositions of Robert T. McCracken, Esquire and John Dickinson, Esquire.

### (1) Complainants' Motion to Amend the Complaint.

The proposed amendment to the complaint charges a breach of duty by the directors of Pennsylvania, defendants herein, in failing to bring suit against the estates of certain former directors of Pennsylvania, now deceased, who were also directors of Pennroad, for the purpose of reimbursement and indemnification for the $15,000,000 settlement and other expenses incurred and damages suffered by Pennsylvania as a consequence of their acts. The proposed amendment further alleges that the inclusion in the settlement of a general release by Pennroad of all claims against these former directors of Pennsylvania who were defendants in the Perrine, Overfield and Weigle suits, was made in bad faith since estates of these directors are not expected to furnish any of the consideration for the release which will be of great benefit and value to the estates.

Pennsylvania objects to the allowance of the amendment on the ground that it purports to introduce into the complaint a new cause of action; and that if the amendment is allowed it would be subject to dismissal on a motion to dismiss because it fails to state a claim upon which relief can be granted.

■ ■ This amendment purports to advance an independent and new legal theory based on facts already alleged in the complaint to sustain the relief sought. Overfield v. Pennroad Corporation, D.C., 39 F. Supp. 482. It might appear futile to permit the amendment of the complaint if it, in fact, is vulnerable to a motion to dismiss. Wilson v. Lamberton, 3 Cir., 102 F.2d 506. However, the amended complaint like the original complaint is subject to defendants' motion for summary judgment. Stork v. Townsend, D.C., 1 F.R.D. 597, and, if the defendants' contention is sound, the allowance of the amendment will not subject defendants to any prejudice. The argument advanced in opposition to this motion can be considered later under the motion for summary judgment. It is a mere matter of form whether the amendment is allowed and then subjected to a motion for summary judgment or refused at the outset in accordance with defendants' argument.

■ Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, expressly directs that leave to amend proceedings shall be freely granted where justice so requires. Under these circumstances I deem it in accord with the liberal spirit of Rule 15(a) to grant leave to amend the complaint. See United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 2 Cir., 131 F.2d 545, affirmed 320 U.S. 711, 64 S.Ct. 187, 88 L.Ed. 417, rehearing denied 320 U.S. 814, 64 S.Ct. 256, 88 L.Ed. 492.

### (2) Complainants' Motion to Compel Production of Documents.

■ Complainants moved for the production of "any and all original records compiled either in the form of a report, booklet, and/or briefs, both by the offices of Robert T. McCracken, Esq., and/or the offices of John Dickinson, Esq. * * * being the records referred to both by Robert T. McCracken, Esq. and by John Dickinson, Esq. in their testimony in examination before trial. * * *" The record desired concerns the effect of the proposed settlement on Pennsylvania's tax liability. In the affidavit (deposition) of Robert T. McCracken reference is made to a memorandum prepared by the tax department of Mr. McCracken's office with regard to the tax aspect of the settlement.

Defendants urge that the memorandum is privileged and therefore need not be produced. The question was recently considered by the District Court sitting en banc

in Hickman v. Taylor et al., 4 F.R.D. 479, and is controlled by Judge Kirkpatrick's opinion in that case filed July 30, 1945.

The motion is denied.

### (3) Complainants' Motion to Expunge or Strike Defendants' Affidavits.

Complainants have moved to expunge or strike out certain of the affidavits filed by Pennsylvania and the defendant directors on the ground that these affidavits "contain statements which are inadmissible as evidence upon trial." The affidavits are the transcript of depositions, taken at the behest of plaintiffs' counsel, which the various defendant deponents have adopted as their affidavits.

Rule 56(e), 28 U.S.C.A. following section 723c, provides, inter alia, as follows: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein." The rule requires that affidavits in support of a motion for summary judgment must contain evidence which would be admissible as testimony at trial. Seward v. Nissen, D.C., 2 F.R.D. 545. There is no requirement, however, that every statement in the affidavit must meet this test. Where the affidavit includes both competent and incompetent evidence, the Court should disregard the incompetent evidence but give full consideration to that which is competent. See Banco De Espana v. Federal Reserve Bank of New York, 2 Cir., 114 F.2d 438. This is nothing more than the procedure which would be followed at trial. The Court would not strike the entire testimony of a witness merely because a portion of his testimony is incompetent. The same rule is to be applied to supporting affidavits.

Accordingly, the motion to expunge or strike the supporting affidavits is denied.

### 4. Motion of Pennsylvania and the Defendant Directors of Pennsylvania for Summary Judgment.

Pennsylvania and the codefendant members of the Pennsylvania Board of Directors moved for summary judgment in their favor under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

A close study of the pleadings and the voluminous supporting affidavits reveals no genuine issues of material fact. Complainants advance five purported issues of fact [3] which, they urge, should bar the application of Rule 56 in this suit. Cohen v. Eleven West 42nd Street, Inc., 2 Cir., 115 F.2d 531; Russell v. Barnes Foundation, D.C., 50 F.Supp. 174. These purported issues of fact are, in reality, questions of law or ultimate conclusions of subjective facts to be deduced by the Court from facts which are not disputed. It is true that in their oral examination some conflicting statements were made by the directors and these appear in the affidavits. But this does not of itself create material issues of fact between the parties.

The case resolves itself into the question whether the directors of Pennsylvania acted honestly, in good faith, and upon reasonable grounds in approving the settlement agreement, and whether the facts are such as would warrant judicial interference with the exercise of discretion by the Board of Directors in conducting the affairs of the corporation. Directors acting in good faith have the power to compromise and settle disputed claims against the corporation.[4] Such acts are binding on the stockholders and do not subject the directors to personal liability unless fraud and bad faith are shown. Chambers v. Chambers & McKee Glass Co., 185 Pa. 105, 39 A. 822.

The affidavits (depositions) of the directors and officers of Pennsylvania present an exhaustive report on the deliberation of the Board preceding and during the settlement negotiations. The directors were advised: that, although the Overfield-Weigle suit had been reversed in favor of Pennsylvania, Overfield v. Pennroad Corporation, supra, the possibility of a rehearing or the granting of a writ of certiorari was still faced

---

[3] The purported issues of fact advanced are as follows:

1. Did Pennsylvania compromise the Perrine suit pending in Delaware?

2. Did the directors act in good faith in approving the settlement?

3. Was the proposed settlement made in the Perrine suit for the purpose of avoiding or evading taxes?

4. Are the directors guilty of gross neglect of duty in failing to press the Perrine suit to judgment?

5. Are the directors guilty of gross neglect of duty in failing to obtain restitution from the estates of certain former directors of Pennsylvania?

[4] Fletcher on Corporations (1931 Ed.) Vol. 2, Sec. 528.

by the corporation; that the opinion of the Circuit Court rested on the statute of limitations and not on the merits of the controversy; that the Perrine suit in the Delaware Court was still open and counsel for Pennsylvania could give no assurance that the statute of limitations would be an adequate defense in that action; and that in addition the company was in a favorable financial position to bear the substantial settlement with regard to stockholders' dividends and taxes. From the affidavits it is apparent that these factors were fully discussed at the Board meetings and they sufficiently indicate that the directors, in approving the settlement, were acting in good faith for what they thought was the best interest of the railroad.

 Complainants' allegation of fraud and neglect of duty on the part of the directors in approving the settlement is based on an erroneous interpretation of the legal effect of the Circuit Court decision in the Overfield-Weigle case. Complainants allege that the Overfield-Weigle case has reached final judgment. But how can this be true when the time for filing a petition for rehearing has been extended and is unexpired? There is no certainty that a petition for rehearing will be denied or that a petition for a writ of certiorari will be unfruitful. Furthermore, complainants allege that the decision in the Overfield-Weigle case will be controlling in the Perrine case and that a decision favorable to Pennsylvania must result. It must be remembered that the decision in the Overfield-Weigle case was based on the statute of limitations and was not decided on the merits. That decision, therefore, may not be res judicata as to the Perrine suit pending in the Delaware Chancery Court. United States v. Lyman, 1 Cir., 125 F.2d 67; Restatement, Judgments (1942) § 49. These legal assumptions, which find no support in the law, form the core of complainants' charge that the directors of Pennsylvania are giving away $15,000,000 of Pennsylvania's assets to settle litigation in which the corporation allegedly finds itself victorious. If these fallacious legal conclusions, which were alleged as facts in the complaint, are discarded, as they must be, the allegation of fraud and neglect of duty is stripped of its factual support. Complainants' bare allegation of fraud and neglect of duty, without allegation of cognizable facts which constitute the fraud and neglect of duty, is insufficient to create a

cause of action. Ætna Casualty & Surety Co. v. Abbott, 4 Cir., 130 F.2d 40; Hirshhorn v. Mine Safety Appliances Co., D.C. Pa., 54 F.Supp. 588; United States v. Hartmann, D.C.Pa., 2 F.R.D. 477; Lopata v. Handler, D.C.Okl., 37 F.Supp. 871, appeal dismissed, 10 Cir., 121 F.2d 938.

In the amendment to the complaint, plaintiffs charge a breach of duty by the directors of Pennsylvania in failing to seek restitution from the estates of certain former directors of Pennsylvania for the proposed payment in settlement of the Perrine litigation. Plaintiff urges that this expense is the consequence of the decedents' acts while they were directors of Pennsylvania. Such suits are premature at the present time since nothing has been paid, as yet, in settlement of the Perrine matter. Further, there is no allegation that complainants have demanded that the corporation bring these suits or that the directors have refused, fraudulently and in bad faith, to institute the suits.

Complainants' arguments that the settlement was the result of an illegal conspiracy and that an underlying purpose for the settlement was an illegal attempt to evade taxes are without merit, and nothing further need be added to what has already been said relative to the complete absence of any basis to support an allegation of fraud.

Allegations of fraud, bad faith, or gross neglect of duty on the part of the directors, which are not supported by facts set forth in the complaint or found in the affidavits are not sufficient reasons to justify an interference by this Court in the internal management of the corporation by substituting its judgment for the discretion of the directors, nor to subject the directors to personal liability for their approval of the settlement. Barnes Foundation v. Keely, 314 Pa. 112, 171 A. 267; see Bowman v. Gum, Incorporated, 327 Pa. 403, 193 A. 271.

The motion for summary judgment, in favor of the defendants so moving, is granted.

### (5) Motion of the Pennroad Corporation to Dismiss the Action.

■ Pennroad filed a motion under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the action as against Pennroad for failure to state a claim upon which relief can be granted. The complaint alleges a conspiracy, in which Pennroad is

not named as a party, to waste valuable assets of Pennsylvania and for negligence and gross neglect of duty on the part of Pennsylvania's directors in approving the proposed settlement and in failing to seek restitution from certain former directors of Pennsylvania as the basis of a prayer for injunctive relief to prevent Pennsylvania and its directors from consummating the settlement. In addition, complainants seek a similar injunction against Pennroad.

. The complainants allege that Pennroad's efforts to obtain approval of the settlement agreement by the Chancery Court of the State of Delaware will cause Pennsylvania (and the complainants as stockholders) irreparable harm and injury. In Feldman v. Pennroad Corporation, D.C., 60 F. Supp. 716, I held that a stockholder of Pennroad could not obtain an injunction in the federal courts to restrain Pennroad from consummating the proposed settlement of the Perrine suit in view of the fact that Pennroad had petitioned the Chancery Court of Delaware in which the Perrine case was pending for judicial approval of the settlement. The issuance of the injunction sought would have violated Section 265 of the Judicial Code [5] which forbids the issuance of an injunction by any court of the United States to stay proceedings in a state court. The Feldman v. Pennroad Corporation case is directly applicable to this proceeding. If stockholders of Pennroad cannot obtain aid from a federal court to enjoin consummation of the settlement by Pennroad, certainly stockholders of another corporation are in no better position to seek the same relief.

Complainants have not alleged facts presenting a case within any of the recognized exceptions to Section 265 of the Judicial Code. Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967.

· I have already held that the facts pleaded are insufficient to permit stockholders of Pennsylvania to interfere in the corporate management by enjoining their own corporation from consummating the settlement. It follows syllogistically that these same stockholders have no standing to seek an injunction against Pennroad—a corporation in which they fail to allege ownership of stock.

The complaint is dismissed as to Pennroad.

The motions are disposed of in the following manner: (1) Complainants' motion to amend the complaint is granted; (2) complainants' motion to compel production of documents is denied; (3) complainants' motion to expunge or strike defendants' affidavits is denied; (4) motion of the Pennsylvania Railroad Company and the defendant directors of Pennsylvania for summary judgment is granted and judgment must be entered in favor of the Pennsylvania Railroad Company, M. W. Clement, C. Jared Ingersoll, Arthur C. Dorrance, Thomas S. Gates, Richard K. Mellon, Leonard T. Beale, Pierre S. DuPont, D. R. McClennan, Franklin D'Olier, Robert T. McCracken, Thomas Newhall, James E. Gowen, Richard D. Wood, J. F. Deasy, Walter S. Franklin, J. R. Downes, and George H. Pabst, Jr.; (5) motion of the Pennroad Corporation to dismiss the action as to it is granted.

---

[5] Act of March 3, 1911, c. 231, § 265, 36 Stat. 1162, Rev.Stat. § 720, 28 U.S.C.A. § 379.