### Willie JACKSON
### v.
### Charles HAMMOCK, Deputy Trial Commissioner, City Hall Building, Philadelphia, Pennsylvania.
### Civ. A. No. 69-1935.

Unied States District Court,
E. D. Pennsylvania.

Jan. 26, 1971.

Willie Jackson in pro. per.

Edward G. Bauer, Jr., City Sol., Beryl E. Hoffman, Asst. City Sol., Philadelphia, Pa., for defendant.

### OPINION AND ORDER

BODY, District Judge.

Before the Court is the motion of plaintiff Willie Jackson for summary judgment in his action under the Civil Rights Act, 42 U.S.C. § 1983.

In his original complaint, plaintiff Jackson claims that his "CIVIL LIBER-TIES Has Been Violated" and that "He Is Presently In Restraint Of His Liberty As A Result Of 'Invidious Discrimination' As Executed By The Defendant". Plaintiff states that he failed to appear

---

for trial on June 18, 1969. He notes that he was in prison at the time and was not notified that he should appear on that date. A bench warrant was then issued and on August 7, 1969 plaintiff came before defendant, who was sitting on bench warrant hearings as a duly appointed Deputy Court Administrator. After hearing [1] and on the recommendation of the District Attorney's Office, defendant Hammock by affidavit states that he recommended to the Administrative Judge that the bench warrant should be withdrawn upon entry of $5,000 new bail. By affidavit, defendant admitted, as alleged by the plaintiff, that at the time of the hearing, he said: "It is the position of the Administrative Judge and the courts of this city, that drug cases are to be dealt with harshly. I personally agree with that decision."

Thereafter, plaintiff filed this action under the Civil Rights Act, 42 U.S.C. § 1983. After defendant's answer was received, plaintiff moved for summary judgment pursuant to Fed.R.Civ.P. 56. This Court then required the parties to file memoranda of law on the motion with or without supporting affidavits. Both memoranda have now been received. In his memorandum, defendant requested dismissal of plaintiff's action.

 Where there is no genuine issue of material fact, summary judgment is an appropriate means of resolving a civil rights action. Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1965); Ambrek v. Clark, 287 F.Supp. 208 (E.D.Pa.1968). Further, summary judgment may be granted in favor of a nonmoving party. United States v. Cless, 150 F.Supp. 687 (M.D.Pa.1957), aff'd 254 F.2d 590 (3d Cir. 1958).[2] In this case, this Court is compelled to grant judgment in favor of the defendant.

There is factual dispute over whether the defendant did actually set new bail requirements for the plaintiff. But defendant, while denying that he had final authority to set bail does not deny the claim of the plaintiff that he initially set a new bail figure. Even though he accepts this aspect of plaintiff's allegation, it is clear that defendant is immune from suit under the Civil Rights Act while acting in a judicial capacity in setting bail. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Henig v. Odorioso, 385 F.2d 491 (3 Cir. 1967).

Accordingly, since there is no genuine issue of material fact and since defendant is entitled to judgment as a matter of law, this Court must grant summary judgment in favor of the defendant.

---

1. At which time, plaintiff alleges he explained his reasons for not appearing for trial.

2. This Court noted that defendant did request dismissal of plaintiff's suit in his memorandum of law concerning plaintiff's motion for summary judgment. Were this Court to treat this request as

a Fed.R.Civ.P. 12(b) (6) motion (failure to state a claim upon which relief can be granted), we could then treat his request as a cross-motion for summary judgment. This is unnecessary to decide since it is possible to grant summary judgment for the non-moving party, as this Court does in this case.