**GENERAL ELECTRIC CREDIT CORP.**

v.

**OFFICE OUTFITTERS, INC. and Arnold Kamens.**

**Civ. A. No. 77–877.**

United States District Court,
E. D. Pennsylvania.

April 28, 1978.

James G. Rosenberg, Philadelphia, Pa., for plaintiff.

Leonard Zack, Philadelphia, Pa., for defendants, Office Outfitters and Kamens.

## MEMORANDUM

FOGEL, District Judge.

Plaintiff has moved for summary judgment as to Counts II and IV of the complaint. After consideration of plaintiff's motion, defendants' response thereto, defendants' motion to strike the affidavit of Louis Paul, and the respective briefs, the motion as to Count II will be denied and the motion as to Count IV will be granted.

## I. MOTION TO STRIKE THE AFFIDAVIT OF LOUIS PAUL

██ Office Outfitters, Inc. and Arnold Kamens (Office Outfitters),[1] challenge the affidavit of Louis Paul, which is attached to plaintiff's motion, on the grounds that it does not comply with Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) states in pertinent part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Defendants allege in their motion that the Paul affidavit "does not set forth facts with specific particularity to permit same to be admissible into evidence, and said affidavit is not made upon personal knowledge."

A review of the affidavit, dated February 2, 1978, and the supplemental affidavit, dated February 20, 1978, and attached to plaintiff's reply brief, reveals the allegations that Paul is and has been Treasurer of Kimberton Country, Ltd. (Kimberton), since 1974. He states that he has personal knowledge of the matters to which he attests.

The affidavit of Leonard Zack, Esquire, counsel for defendants, alleges that Paul began working with Kimberton on May, 1, 1974. Zack further states that "Paul's knowledge of the lease agreement [April 15, 1974] was acquired from discussions with other officers of Kimberton and the documents involved in the transaction that are in the possession of Kimberton."

Zack challenges Paul's affidavit because the lease agreement between Kimberton and Creative Hotel Management, Ltd. (Creative), was executed on April 15, 1974, just prior to Paul's employment with Kimberton.

Paul admits in his supplemental affidavit that he does not have firsthand knowledge of the April 15, 1974, lease and attached inventory. Paul verified that the lease was a true and correct copy by acknowledging the signature of Roger Altemose. Paul also claims that the inventory attached to the lease is a business record created in the ordinary course of business.

*Engl v. Aetna Life Ins. Co.,* 139 F.2d 469, 473 (2d Cir. 1943), holds that

. . . mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment.

*Engl* deals with the sufficiency of a reply memorandum to a motion for summary judgment. Applying this test to the two Paul affidavits, we find that the facts and allegations are shown in sufficient detail. Paul clearly has personal knowledge of the events subsequent to May, 1974. His statements concerning the April 15, 1974, lease

---

1. Both defendants will be collectively referred to as Office Outfitters.

will be used solely to validate the lease agreement and the attached inventory. The lease agreement speaks for itself.

We refuse to strike either affidavit. The competent portions meet the standards of Rule 56(e) and will be considered, just as they would at trial. *Dickheiser v. Penn. R. Co.,* 5 F.R.D. 5, 9 (E.D.Pa.1945), *aff'd,* 155 F.2d 266 (3d Cir. 1946).

The holding in *Klingman v. National Indemnity Co.,* 317 F.2d 850, 854 (7th Cir. 1963) is not on point because the court found that if no objection is made to an affidavit prior to appeal, then the affidavit may be considered by the district court in ruling on a motion for summary judgment. The challenge in the instant case has been made prior to appeal.

Defendant's motion to strike the Paul affidavit is accordingly denied.

## II. MOTION FOR SUMMARY JUDGMENT AS TO COUNT II

Federal Rule of Civil Procedure 56(a) allows any party to a civil action to move for a summary judgment in his favor on any part of his claim. Rule 56(c) states in pertinent part that

the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The primary inquiry required by the Rule is to determine whether a genuine issue of material fact exists. If such an issue exists, then the motion must be denied. *Jackson v. Hammock,* 330 F.Supp. 1124 (E.D.Pa.1970). The party moving for summary judgment has the burden of proving that no genuine issue of fact exists. *Scooper Dooper, Inc. v. Kraftco Corp.,* 494 F.2d 840 (3d Cir. 1974). The sequence of events which gives rise to Count II is as follows. Office Outfitters completed certain work for Creative. In order to pay Office Outfitters, Creative agreed to transfer some twenty dining ta-

bles and fifty dining chairs to Office Outfitters which were then leased back to Creative. The lease, dated November 14, 1975, is in the amount of $19,742.40—the cost of the work done. On the same day, Office Outfitters assigned the lease to plaintiff.

Creative subsequently defaulted on the lease on July 15, 1976. Plaintiff sued Office Outfitters for breach of express warranties in the assignment because the leased property was and is allegedly owned by Creative's landlord, Kimberton.

Office Outfitters warranted that it possessed good title to the property described in the lease and had duly delivered or installed the property. Plaintiff made a demand on Office Outfitters, as provided in the assignment, to repurchase the account and pay plaintiff in cash the amount remaining on the lease.

Damages are demanded in the amount of $17,053.83.

Count II turns upon the issue of the validity of the title of Office Outfitters to the tables and chairs in question on November 14, 1975, the date the lease was executed.

The Paul affidavits state that the table and chairs were owned at all times by Kimberton and that Kimberton did not sell the property to either Office Outfitters or to Creative.

The deposition of Ken De Pasquale, owner of Creative, taken on August 4, 1977, supports plaintiff's position that Office Outfitters never had possession of the tables and chairs or authority to lease them to Creative.

The deposition of Arnold Kamens, taken on August 4, 1977, states that De Pasquale told Kamens that he owned the Kimberton restaurant and all personal property contained therein. Kamens believed that De Pasquale had the authority to sell or give him the tables and chairs so that he could lease them back to Creative.

The affidavit of Arnold Kamens attached to defendant's answer to the motion for summary judgment repeats the assertion

that De Pasquale had owned the tables and chairs and gave or sold them to Office Outfitters so that they could be leased back to Creative.

Kamens admitted at his deposition that the tables and chairs were not delivered by Office Outfitters. He claimed that they were "installed" because, when his employees laid the carpeting, they had to remove the furniture and then return it. There is no evidence that Office Outfitters ever purchased the property or delivered and installed it.

The conflict of ownership goes to the heart of Count II. If De Pasquale owned the tables and chairs, then the lease may have been valid and the motion for summary judgment would have to be denied. If, in fact, Kimberton owned the tables and chairs, then the lease would be invalid and the motion would have to be granted. We find that there exists a genuine issue of material fact, to wit, whether or not Office Outfitters had actual or constructive ownership of the tables and chairs when the lease and assignment were made. Therefore, the motion for summary judgment as to Count II is denied.

### III. MOTION FOR SUMMARY JUDGMENT AS TO COUNT IV

Count IV involves a second assignment to the plaintiff of another lease between defendant and Creative. Both the lease and assignment are dated March 17, 1976. The property leased included new tables, chairs, oil paintings, draperies, desks and rugs.

Office Outfitters made certain express warranties to plaintiff which included the assertions that the assigned account would be free of all liens and that Office Outfitters would have a first lien on all account property.

Plaintiff alleges that, pursuant to the April 15, 1974, lease agreement between Creative and Kimberton, lessor [Kimberton] reserved in § 13(g) a security interest under the Uniform Commercial Code "in all of Lessee's [Creative's] goods and property in and about the demised premises."

Plaintiff concludes that, in the absence of a waiver by Kimberton of the landlord's lien, Office Outfitters is in breach of its warranty. The evidence is clear that Kimberton has never waived its lien. Paul's two affidavits state that Kimberton never executed a waiver of its lien. Kamens, at his deposition, and in his affidavit did not directly contradict Paul's allegations. Kamens claims that plaintiff was responsible for all paperwork and that he executed each document given to him. Kamens argues that, if no waiver was obtained, then it was plaintiff's fault because plaintiff supplied all assignment forms.

This position must be rejected. The March 17, 1976, assignment states "the Account instruments evidence a valid reservation of title or first lien to the Account property effective as against all persons; the Account is and will be free from any liens, setoffs, counterclaims and other defenses; Assignor has properly and timely filed and recorded all Account instruments as required under all applicable filing and recording statutes."

There is no evidence that defendants took any steps to comply with these requirements. Office Outfitters had financed many transactions through plaintiff, according to Kamens. Defendants can hardly argue that they were unfamiliar with the meaning of the terms of the assignment.

Kimberton's reservation of a security interest is a "lien" on that property as that word is used in the assignment. The assignment does not require that the lien had to be perfected, nor does it require that the forbidden lien must have first priority over all other potential lienors. We find that Office Outfitters' failure to obtain a landlord's waiver was a breach of the warranty in the assignment and that plaintiff is entitled to judgment as a matter of law.

There are no genuine issues of material fact. Accordingly, the motion for summary judgment as to Count IV is granted.

An appropriate order will issue.